Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| José L. Casiano Del Toro<br><br>*Recurrido*<br><br>v.<br><br>Carlos Camacho Sánchez<br><br>*Peticionario* | KLCE202301312 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Ponce<br><br>Caso Núm.: POL2842023-02265<br><br>Sobre:<br>Ley Núm. 284-1999, Ley Contra el Acecho en Puerto Rico, según enmendada por la Ley Núm. 44-2016 |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de enero de 2024.

Comparece el señor Carlos Camacho Sánchez (señor Camacho Sánchez o peticionario), mediante recurso de *Certiorari* y nos solicita que revoquemos o modifiquemos la *Orden*[1] emitida el 27 de octubre de 2023, notificada en esa misma fecha, por el Tribunal de Primera Instancia, Sala Municipal de Ponce (TPI o foro primario). Mediante el referido dictamen, el TPI expidió una *Orden de Protección al Amparo de la Ley Contra el Acecho en Puerto Rico* contra el peticionario.

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del auto de *Certiorari* solicitado.

### I.

Surge del expediente apelativo que, el 23 de junio de 2022, el señor Camacho Sánchez amenazó con un machete a su vecino, el señor José L. Casiano Del Toro (señor Casiano Del Toro o recurrido).

---

[1] Véase Apéndice del recurso de *Certiorari*, págs. 1- 6.

Ello, debido a una alegada animosidad entre las partes desde hace varios años, por una pared medianera que divide ambas propiedades. A raíz de estos hechos, se presentó un cargo criminal de delito menos grave contra el peticionario, por el cual, a la fecha de presentar el recurso, se encontraba cumpliendo una sentencia suspendida.

Posteriormente, y en lo referente a la controversia ante nos, el 6 de febrero de 2023, el recurrido presentó una *Petición de Orden de Protección al Amparo de la Ley Contra el Acecho en Puerto Rico*[2]. Allí alegó, entre otras cosas, que mientras salía de su casa, el peticionario lo estaba grabando mediante el uso de su teléfono celular. Adujo que el peticionario golpeó los paneles de la pared medianera, causándole daños a esta. Como consecuencia, el foro primario llevó a cabo una audiencia ex parte y, expidió una Orden de Protección ExParte[3] con vigencia hasta el 15 de marzo de 2023. Dicha orden fue extendida en varias ocasiones; esta última vez, hasta el 27 de octubre de 2023.

Aún vigente la Orden de Protección ExParte, el 22 de octubre de 2023, el peticionario amenazó nuevamente al recurrido, en esta ocasión, frente a su hijo y esposa. Así las cosas, celebrada la vista del 27 de octubre de 2023, el foro primario emitió una *Orden de Protección* –Final– *al Amparo de la Ley Contra el Acecho en Puerto Rico*[4], por el término de tres (3) años.

En desacuerdo con la determinación, el 27 de noviembre de 2023, el peticionario acudió ante este foro revisor mediante el recurso de epígrafe y señaló como único error el siguiente:

> "Erró el Honorable Tribunal de Primera Instancia al emitir una Orden de Protección al Amparo de la Ley de Acecho por el término de tres [años] en violación a la protección constitucional contra castigo cruel e inusitado[.]"

---

[2] Véase Apéndice del recurso de *Certiorari*, págs. 13- 16.
[3] Véase Apéndice del recurso de *Certiorari*, págs. 7- 12.
[4] Véase Apéndice del recurso de *Certiorari*, págs. 1- 6.

El 14 de diciembre de 2023, el recurrido presentó su *Oposición a Expedición de Certiorari.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

Las decisiones interlocutorias, distinto a las sentencias finales, son revisables ante el Tribunal de Apelaciones mediante recurso de *certiorari.* El recurso de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal de menor jerarquía[5]. El Tribunal de Apelaciones tiene la facultad para expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones[6], señala los criterios que para ello debemos considerar[7]. Éstos son:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[5] *Pueblo v. Díaz de León,* 176 DPR 913 (2009).
[6] 4 LPRA Ap. XXII-B, R. 40.
[7] *García v. Padró,* 165 DPR 324 (2005).

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* sólo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. En otras palabras, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención. De no ser así, procede que nos abstengamos de expedir el auto solicitado, de manera que se continúen los procedimientos del caso sin mayor dilación en el Foro de Instancia.

**-B-**

La Ley Núm. 284 de 21 de agosto de 1999, según enmendada, conocida como la Ley Contra el Acecho en Puerto Rico[8] (Ley Núm. 284-1999), tiene como propósito principal tipificar como delito y penalizar todo patrón de conducta constitutiva de acecho "que induzca temor en el ánimo de una persona prudente y razonable de sufrir algún daño físico en su persona, sus bienes o en la persona de un miembro de su familia"[9]. Conforme a sus objetivos, la legislación estableció los procedimientos para que el Estado pueda intervenir efectivamente en los casos de acecho, mediante el establecimiento de órdenes de protección y penalidades[10].

La Ley Núm. 284-1999, en su Art. 3(a)[11], define el acecho como:

> [...] una conducta mediante la cual se ejerce una vigilancia sobre determinada persona; se envían comunicaciones verbales o escritas no deseadas a una determinada persona, se realizan amenazas escritas, verbales o implícitas a determinada persona, se efectúan actos de vandalismo dirigidos a determinada persona, se hostiga repetidamente mediante palabras, gestos o acciones dirigidas a intimidar, amenazar o perseguir a la víctima o a miembros de su familia.

---

[8] 33 LPRA sec. 4013 *et seq.*
[9] Exposición de Motivos de la Ley Núm. 284-1999, 33 LPRA sec. 4013 *et seq.*
[10] *Íd.*
[11] 33 LPRA sec. 4013(a).

Esta conducta delictiva se manifiesta de manera intencional mediante "un patrón constante o repetitivo de conducta de acecho dirigido a intimidar a una determinada persona a los efectos de que ella, o cualquier miembro de su familia podría sufrir daños, en su persona o en sus bienes; o que mantenga dicho patrón de conducta a sabiendas de que determinada persona razonablemente podría sentirse intimidada"[12]. El Art. 3(b) de la norma define patrón de conducta persistente como aquella que se realiza "en dos (2) o más ocasiones actos que evidencian el propósito intencional de intimidar a determinada persona o a miembros de su familia"[13].

Una persona que haya sido víctima de acecho puede solicitar una orden de protección, conforme lo establece el Art. 6 de la Ley Núm. 284-1999[14]. En virtud de ello, el TPI podrá expedir una Orden de Protección dirigida contra la parte peticionada para que, entre otras cosas, se abstenga de realizar actos constitutivos de acecho contra la parte peticionaria, cuando determine que existen motivos suficientes para creer que la parte peticionaria ha sido víctima de acecho. A discreción del Tribunal, la Orden de Protección puede ir dirigida a prevenir que la parte peticionada moleste, intimide, amenace o de cualquier otra forma aceche o interfiera con la parte peticionaria o un miembro de su familia[15].

En lo pertinente, el Artículo 4 de la Ley Núm. 284-1999 dispone lo siguiente:

> (a) Toda persona que intencionalmente manifieste un patrón constante o repetitivo de conducta de acecho dirigido a intimidar a una determinada persona a los efectos de que ella, o cualquier miembro de su familia podría sufrir daños, en su persona o en sus bienes; o que mantenga dicho patrón de conducta a sabiendas de que determinada persona razonablemente podría sentirse intimidada incurrirá en delito menos grave.
>
> El Tribunal podrá imponer la pena de restitución, además de la pena de reclusión establecida.

---

[12] 33 LPRA sec. 4014(a).
[13] 33 LPRA sec. 4013(b).
[14] 33 LPRA sec. 4016.
[15] *Íd.*

**(b) Se incurrirá en delito grave y se impondrá pena de reclusión por un término fijo de tres (3) años si se incurriere en acecho, según tipificado en esta Ley, mediando una o más de las circunstancias siguientes:**

[...]

**(4) se cometiere luego de mediar una orden de protección contra el ofensor, expedida en auxilio de la víctima del acecho o de otra persona también acechada por el ofensor; o**

[...][16]. (Énfasis nuestro).

### III.

En su único señalamiento de error, el señor Camacho Sánchez aduce que incidió el foro primario al expedir una Orden de Protección por el término de tres (3) años; ello, en violación a la protección constitucional contra el castigo cruel e inusitado.

Luego de analizar el expediente apelativo y a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no encontramos razón por la cual este Foro deba intervenir. Al examinar el proceder del foro primario, no identificamos que haya actuado de manera arbitraria, prejuiciada o haya cometido un craso abuso de discreción. Tampoco el peticionario constató que abstenernos de interferir con el dictamen del TPI constituiría un fracaso irremediable de la justicia, de manera que estemos llamados a ejercer nuestra función revisora. En consecuencia, denegamos la expedición del auto de *certiorari.*

### IV.

Por los fundamentos que anteceden, **denegamos** la expedición del auto de *Certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[16] 33 LPRA sec. 4014.